IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-17-0163 |
| SHAWN THOMAS | * | CIVIL NO. JKB-20-0409 |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Now pending before the Court is the Defendant's MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE , OR CORRECT SENTENCE (ECF No. 143). The Government has responded (ECF No. 150). The time for the Defendant to reply has lapsed. The Motion will be DENIED.

In November, 2018, the Defendant pled guilty to the charge of RICO conspiracy and he was sentenced to serve 420 months incarceration on March 12, 2019 (ECF Nos. 106, 123). The Defendant subsequently filed a letter indicating that he would make a post-conviction challenge. The Court construed this letter as a § 2255 Motion and then allowed him to amend it later, after the one-year limitations period had elapsed. *See* ECF Nos. 139, 140, 141, 143). The Court now treats this Motion as having been filed within the one-year limit.

The Defendant alleges actual innocence. He makes this contention in a stand-alone claim based on the facts. In evaluating this claim, the Court is entitled to weigh it against his sworn testimony at the time of his guilty plea, and when that comparison is made the Court finds the

proof of factual guilt overwhelming, and it further finds that the claims made now are self-serving and not supported by evidence or the record.

Next, the Defendant claims that he was incompetent and that his guilty plea was, accordingly, involuntary. Once again, the problem is the record. At the time of the guilty plea the Court made appropriate inquiries to assess the Defendant's mental status, and that inquiry revealed no material deficiencies. The Defendant understood what was transpiring, the rights that he was waiving, and the implications and potential consequences of his actions that day.

The Defendant goes on to attack the performance of his attorney, Ms. Whalen. His complaints do not satisfy the first prong of *Strickland v. Washington*, 466 U.S. 668 (1984). He doesn't make a credible argument that Ms. Whalen's performance was deficient. First, at the time of the guilty plea, he acknowledged the adequacy of her representation. He stated that he was "completely satisfied" with her work. Arraignment transcript 8:23-24. Moreover, a careful review of the record reveals that Ms. Whalen performed competently at each stage of the case. The Defendant fails to bear his burden of showing that she didn't.

Next, the Defendant alleges prosecutorial misconduct, contending that the Government placed someone in his cell for the specific purpose of inducing incriminating statements from him. Making that bald accusation is not proof that such a thing occurred. Even if he had, he hasn't shown prejudice. Lack of prejudice is, alone, fatal to this theory.

Finally, the Defendant alleges the Court lacked jurisdiction and that the Government lacked legal authority to charge him with the offense to which he pled guilty. The record is crystal clear that the Defendant was convicted of RICO conspiracy, with the Ramsey murder being a part of the package of misconduct that was a sufficient basis for the charge. The Government brought a

proper charge, and the Court had jurisdiction to adjudicate it based on the record established. The Defendant's related complaints about the Federal Sentencing Guidelines are unfounded, and not cognizable in the adjudication of a motion under § 2255.

For all these reasons the Defendant's Motion is DENIED. The Clerk is instructed to CLOSE THIS CASE.

DATED this __7__ day of January, 2021.

BY THE COURT:

_____
James K. Bredar
Chief Judge